UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHALAT MORRISON

      Petitioner,

v.                                                  Case No. 8:07-cv-1732-T-23TBM

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

Chalat Morrison petitions for the writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 (Doc. 1) and challenges the validity of his state convictions for fraudulent use of a

credit card, uttering forged checks and bills, uttering a check with a forged endorsement,

uttering a forged instrument, scheme to defraud, and grand theft.[1]  Morrison claims

several trial court errors and ineffective assistance of both trial and appellate counsel.

Numerous exhibits ("Respondent's Exhibit __") support the response.

      Morrison entered a nolo contendere plea to each of the charges in exchange for a

sentence of either 30 or 36 months.[2]  The state judge granted Morrison a five-week

furlough before sentencing with the condition that if he failed to appear for sentencing or

---

[1]  The charges arose from seven separate state cases:  CRC02-03826, CRC02-10003, CRC03-20194, CRC03-20589, CRC03-21061, CRC03-21057, and CRC03-21509.

[2]  Morrison owed $5200 in restitution.  The sentencing judge conditioned Morrison's sentences upon Morrison's paying the restitution and his avoiding arrest while on furlough before sentencing.  If Morrison paid the full amount of restitution, he would receive a thirty-month sentence. If Morrison paid only $4,000, he would receive a thirty-six month sentence.

was arrested, he faced a possible sentence of up to fifty-five years imprisonment. Morrison failed to appear for sentencing and was later arrested on new charges.[3]  The state trial judge ultimately sentenced Morrison to fifteen years imprisonment.

The state appellate court affirmed Morrison's convictions and sentences.  Morrison filed a state Rule 3.800 motion to correct alleged sentencing errors.  The state post-conviction court amended Morrison's sentences to comport with the state court's oral pronouncement at the sentencing hearing.[4]  The state post-conviction court denied Morrison's subsequent Rule 3.850 motion to vacate.  The state appellate court affirmed the denial of relief in a per curiam decision without a written opinion.  Morrison's subsequent state petition for a writ of habeas corpus was likewise denied.  The instant Section 2254 petition followed.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

---

[3]  Morrison accrued four misdemeanor charges while on furlough.

[4]  The correction resulted in no change to the length of Morrison's sentences.

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied--the state-court adjudication resulted in a decision
> that (1) "was contrary to . . . clearly established Federal Law, as determined
> by the Supreme Court of the United States," or (2) "involved an
> unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States."  Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this Court
> has on a set of materially indistinguishable facts.  Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state
> court identifies the correct governing legal principle from this Court's
> decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable, . . . an unreasonable application is different from

an incorrect one."  Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d

1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per

se, of the state court decision that we are to decide.").

In per curiam decisions without a written opinion, the state appellate court on direct

appeal affirmed both Morrison's convictions and his sentences (Respondent's Exhibit 15)

- 3 -

and the denial of his subsequent Rule 3.850 motion to vacate.  (Respondent's Exhibit 23).

The state appellate court's per curiam affirmances warrant deference under Section

2254(d)(1) because "the summary nature of a state court's decision does not lessen the

deference that it is due."  Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and

reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538

U.S. 906 (2003).

Morrison bears the burden of overcoming a state court factual determination by

clear and convincing evidence.  "[A] determination of a factual issue made by a State

court shall be presumed to be correct.  The applicant shall have the burden of rebutting

the presumption of correctness by clear and convincing evidence."  28 U.S.C.

§ 2254(e)(1).  This presumption of correctness applies only to a finding of fact, not a

mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert.

denied, 534 U.S. 1046 (2001).  Consequently, this court must defer to the finding of fact

in the state court's rejection of Morrison's post-conviction claims.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Morrison claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511

(11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Morrison must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466

U.S. at 691-92.  To meet this burden, Morrison must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690-91.  Morrison cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

**Ground One**

Morrison contends that trial counsel rendered ineffective assistance by failing to object at the plea hearing to the lack of factual basis for the pleas.  Morrison further contends that the state post-conviction court misapplied <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), in denying relief on this claim.  The state court rejected this claim in Morrison's Rule 3.850 motion:

> Defendant alleges that counsel was ineffective for failing to object to the lack of a factual basis for the plea which made the plea deficient and prejudiced the Defendant.  Defendant alleges that counsel's failure to object to the lack of factual basis placed on the record during his change of plea hearing prejudiced him in that there was [a] likelihood that the deficient conduct affected the outcome of the court proceedings.  Defendant alleges that the plea cannot stand as accepted by the court because of this error.  In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), the United States Supreme Court established a two-pronged test for determining claims of ineffective assistance of counsel relating to guilty pleas.  The first prong is that counsel fell below the objective standard of reasonableness.  Regarding the second prong, the Supreme Court held that a defendant must demonstrate "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."  <u>Id.</u> at 59.  Defendant fails to allege that he would have pled not guilty and gone to trial but for his counsel's ineffective assistance.  Defendant fails to allege a facially sufficient claim for ineffective assistance of counsel and this claim is therefore denied.  Furthermore, Fla. R. Crim. P. 3.172(i) states that failure to follow any of the procedures surrounding the acceptance of guilty or nolo contendere pleas shall not render [the plea] void absent a showing of prejudice.  Defendant fails to demonstrate how he was prejudiced by counsel not insisting on a factual basis at the change of plea hearing.  This claim is denied.

(Respondent's Exhibit 21, pp. 2-3).

"A factual basis is necessary for accepting a guilty plea by a trial court when a defendant proclaims his innocence and yet pleads guilty."  <u>Stano v. Dugger</u>, 921 F.2d 1125, 1140 (citing <u>North Carolina v. Alford</u>, 400 U.S. 24, 38, n. 10 (1970); <u>Wallace v.</u>

Turner, 695 F.2d 545, 548 (11th Cir. 1983)).  No recitation of the factual basis for

Petitioner's plea occurred at the change of plea hearing.[5]  However, Morrison did not

proclaim his innocence at the change of plea hearing.  Consequently, no recitation of the

---

[5]  Notwithstanding, the plea colloquy establishes that the trial court had previously determined that an adequate factual basis existed for Morrison's pleas:

| | |
|---|---|
| Court: | You understand you have the five-year suspended sentence on the violation of probation and you have ten third-degree felonies, each punishable by up to five years in prison? |
| Defendant: | Yes, Your Honor. |
| Court: | The total we've discussed is the possibility of fifty-five years.  Do you understand that? |
| Defendant: | Yes, sir. |
| Court: | If you show up on May 21st and you've paid the restitution in full and there are no new arrests, then you receive thirty months in the Department of Corrections.  You understand that? |
| Defendant: | Yes, Your Honor. |
| Court: | If the restitution's not paid in full, but you've paid four thousand, then it's thirty-six months.  Do you understand that? |
| Defendant: | Yes, Your Honor. |
| Court: | If you don't show or you get arrested, it's any lawful sentence and you've agreed to that and indicated that you'll be here on May 21st at 8:30; is that right? |
| Defendant: | On time, sir. |
| Court: | The Court will find there is a sufficient factual basis.  We've discussed it at length on a number of occasions.  I'll accept the pleas, finding they're entered freely and voluntarily upon the advice of competent counsel with whom he indicates his satisfaction.  I'll accept the pleas and set sentencing for May 21st at 8:30 under the terms and conditions we've discussed, finding the deferred sentencing date is an integral part of our plea negotiations.  I'll release him on ROR pending the sentencing.  We'll see you on May 21st at 8:30. |

(Respondent's Exhibit 9, pp. 14-18).

factual basis for his pleas was necessary.[6]  Stano, 921 F.2d at 1140.  See also Young v. State, 616 So.2d 1133, 1134 (Fla. 3d DCA 1993) (citing Williams v. State, 316 So.2d 267, 273-75 (Fla. 1975) (a trial court may look to any source in the record to establish a factual basis)).

Morrison fails to demonstrate that trial counsel's performance fell outside the bounds of reasonable professional judgment.  Waters v. Thomas, 46 F.3d at 1512; Chandler, 218 F.3d at 1314.  Morrison meets neither the deficient performance requirement nor the prejudice requirement of Strickland.  See Strickland, 466 U.S. at 691-92.  The state court in rejecting Morrison's claim neither unreasonably applied Strickland nor unreasonably determined the facts.  See 28 U.S.C. § 2254(d)(1), (2).  Ground one warrants no federal habeas relief.

**Ground Two**

Morrison contends that trial counsel rendered ineffective assistance by failing to advise Morrison that he should have personally notified the court of the "extraordinary circumstances" that prevented his appearing at the sentencing hearing.  Morrison claims that he called counsel on the morning of the sentencing hearing and informed counsel that he had gone to Bradenton to recover his stolen vehicle, discovered that the vehicle was not there, and found himself stranded without means to return in time for the hearing.  Morrison alleges that he asked counsel what to do and "informed counsel that he would

---

[6]  Rule 3.172(a), Florida Rules of Criminal Procedure, requires that the trial judge determine that a factual basis for a nolo contendere plea exists before accepting the plea.  This rule provides no requirement that the trial judge recite the factual basis at the plea hearing.  "Failure to follow [this procedure] shall not render a plea void absent a showing of prejudice."  Fla. R. Crim P. 3.172(j).

have an affidavit from the person who took him to Bradenton that would verify these

extraordinary circumstances."  Counsel was "very uncooperative" and suggested filing a

motion for continuance.  Morrison claims that counsel failed to advise Morrison to

personally notify the court of the situation, failed to attach the affidavit to the motion for

continuance or have the affidavit placed in the record, and failed to attempt to have

Morrison appear telephonically at the sentencing hearing so that Morrison could "show

cause or give evidence for [his] absence" from the hearing.

> The state court rejected this claim in Morrison's Rule 3.850 motion:

> Defendant alleges that counsel was ineffective for not properly advising him
> concerning procedures involved in notifying the Clerk's Office and [the]
> court when Defendant was not able to attend court on May 21, 2004, when
> his furlough ended and he was to be sentenced.  Defendant alleges that he
> informed counsel of the extraordinary circumstances which led him to not
> be able to be in court for his sentencing.  Defendant alleges that counsel
> was uncooperative and only suggested that a motion to continue the
> sentencing be filed.  Defendant believes counsel should have suggested
> that he contact the Clerk of Court or have the client appear by telephone to
> explain the extraordinary circumstances which kept him from court.
> Defendant alleges he was prejudiced because there was likelihood that
> counsel's deficient conduct affected the outcome of the court proceedings.
> Defendant fails to set forth a facially sufficient claim under Hill v. Lockhart,
> 474 U.S. 52 (1985).  Furthermore, counsel was not deficient.  The court
> provided Defendant with a furlough to handle certain personal affairs and
> collect money to pay restitution for his crimes.  Defendant was warned of
> the consequences of failing to appear on May 21, 2004, for sentencing.
> Contacting the Clerk of Court or recommending a telephonic hearing would
> have been without effect.  This claim is denied.

(Respondent's Exhibit 21, pp. 2-3) (court's record citation omitted).

> Morrison's claim lacks merit.  The state judge advised Morrison during the change

of plea hearing of the consequences of failing to appear at the sentencing hearing and

Morrison both acknowledged that he understood those consequences and assured the

court that he would appear for sentencing.  (Respondent's Exhibit 9, pp. 17-18)  Counsel filed on Morrison's behalf a motion to continue[7] the sentencing hearing.  The court denied the motion.  Morrison fails to demonstrate that, if counsel had advised Morrison to personally notify the court about the circumstances of his absence, had attached the affidavit to the motion for continuance, or had attempted to have Morrison appear telephonically at the sentencing hearing, Morrison would have received lesser sentences. Absent a showing of prejudice, a claim of ineffective assistance of counsel cannot succeed because the requirements of <u>Strickland</u> remain unsatisfied.  Ground two warrants no federal habeas relief.

**Ground Three**

Morrison contends that trial counsel rendered ineffective assistance by failing to file a motion to enforce the plea agreement or a motion to withdraw the plea when "the concurrent sentencing provisions of the negotiated plea agreement were violated.' Morrison argues that he "entered the agreement and plead no contest upon the understanding that he would only receive 'concurrent' prison sentences of either 30 months, 36 months, or 5 years if he failed to appear for sentencing on May 21, 2004."

---

[7]  During the July 16, 2004, sentencing hearing, counsel advised the court:

Judge, you know, I [do] not [have] a hell of a lot to say here, but, you know, the fact of the matter was, I think he made it 10 or 12 days before he got caught.  I know I had spoken to him that morning and he had said that he had been in Bradenton and was unable to make it to court, asked for me to ask for a continuance.  I called him Saturday morning and informed him that you had not granted my request for a continuance and there were 11 warrants for him.  I think he actually wrote you a letter. I don't know if you've had an opportunity to read that.  I know he's apologized too . . . .

(Respondent's Exhibit 9, p. 8).

> The state court rejected this claim in Morrison's Rule 3.850 motion:
> Defendant alleges that counsel was ineffective for failing to file a motion to
> enforce the plea or a motion to withdraw the plea due to the court violating
> the plea agreement's concurrent sentencing provisions.  Defendant alleges
> that he was prejudiced because there was a likelihood that Defendant would
> be serving five (5) years in prison rather than fifteen (15) years in prison had
> counsel filed one of these motions.  Defendant fails to set forth a facially
> sufficient claim under Hill v. Lockhart, 474 U.S. 52 (1985).  Furthermore,
> such a motion would be without merit.  The court did not honor the terms on
> the change of plea form because Defendant failed to appear on May 21,
> 2004, which was an expressed [sic] condition of the plea agreement.
> Defendant knew that this would be a consequence if he failed to appear.
> This claim is denied.

(Respondent's Exhibit 21, pp. 2-3) (court's record citation omitted).

Despite any provision for concurrent sentences in Morrison's plea agreement,[8] the

trial court judge clearly advised Morrison that his failure to appear at sentencing would

vitiate the agreement and subject him to any lawful sentence up to fifty-five years

imprisonment.  Morrison acknowledged under oath that he understood this provision.  At

no time during the plea colloquy did the state judge advise Morrison that a failure to

appear would result in a five-year sentence as Morrison now claims.  The sentencing

judge imposed a lawful, fifteen-year sentence pursuant to the conditions set during the

plea colloquy.[9]  Counsel had no basis to file either a motion to enforce the plea

agreement or a motion to withdraw the plea.  The state court in rejecting Morrison's claim

neither unreasonably applied Strickland nor unreasonably determined the facts.  See

28 U.S.C. § 2254(d)(1), (2).  Ground three warrants no federal habeas relief.

---

[8]  The record contains no copy of the plea agreement.

[9]  See transcript of plea at footnote 5.

**Grounds Four and Five**

In ground four Morrison alleges prejudicial vindictiveness by the trial court by "vacillat[ing] on a downward departure" at sentencing.  Morrison claims that while he was represented by the Public Defender's Office, he discussed with the trial court the possibility of a downward departure at sentencing upon full payment of restitution, an offer the court refused.  After retaining private counsel, Morrison again "discussed with the same judge the possibility of a downward departure sentence upon the exact same terms of full restitution being made in advance of sentencing" and the trial court agreed to the departure.  Morrison claims this "vacillating behavior in the treatment of the exact same plea by the Office of the Public Defender and that of private counsel demonstrated judicial vindictiveness against [him]."

> The state court rejected this claim in Morrison's Rule 3.850 motion:
> Defendant alleges that he was prejudiced by the vindictiveness of the trial court as to the possibility of a downward departure.  Defendant alleges that when he was represented by the Public Defender the Public Defender discussed the possibility of a downward departure with the court if Defendant was to pay full restitution in advance of the sentencing. Defendant alleges that the court refused to entertain such a departure when he was represented by the Public Defender but once he had hired private counsel the court agreed to such a departure.  Defendant alleges that he is entitled to relief on this issue by a different judge.  This claim is denied because it could have been raised on direct appeal.  See Smith v. State, 909 So. 2d 972 (Fla. 2d DCA 2005).

(Respondent's Exhibit 21, p. 4).

In ground five Morrison contends that the state trial judge "was placed under F.B.I. investigation for allegations of a contest existing between [himself] and two other judges of the Sixth Judicial Circuit, . . . a contest to see which one could be the first to give a million sentencing years."  Morrison argues that the judge's removal from the Sixth

Judicial Circuit after Morrison's plea and sentence "gives an appearance of impropriety" that resulted in Morrison receiving a fifteen-year sentence rather than the five-year sentence allegedly prescribed in the plea agreement.  Morrison further contends that the judge's removal was a structural error that resulted in a "fundamental flaw" in the court proceedings.

The state court rejected this claim in Morrison's Rule 3.850 motion:

> Defendant alleges that a fundamental error occurred due to the trial judge being removed from the Sixth Judicial Circuit because of a[n] F.B.I. investigation.  Defendant alleges that he was affected by the removal of the trial judge subsequent to his sentencing.  Defendant alleges that the trial judge was under investigation by the F.B.I. because of allegations that there was a contest between him and two other judges of the Sixth Judicial Circuit to see who could give out a million sentencing years first.  This claim is completely unsubstantiated.  Defendant puts forth no evidence to support this claim.  Defendant also alleges that the judge was removed from the Sixth Judicial Circuit.  Defendant was sentenced by the Honorable Judge Phillip J. Federico; Judge Federico is still a judge in this circuit but works in the civil court in St. Petersburg.  Defendant's claim is completely without merit and is denied.  Furthermore, the claim of judicial vindictiveness should have been raised on direct appeal.  See Smith v. State, 909 So. 2d 972 (Fla. 2d DCA 2005).

(Respondent's Exhibit 21, p. 4).

To the extent that Morrison challenges in ground four the state court's decision to accept or reject under state law or procedure a particular term of his plea agreement and challenges in ground five the trial judge's alleged impropriety, the claims warrant no relief because each presents no federal constitutional question.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Branan v. Booth,  861 F.2d 1507, 1508 (11th Cir. 1988).  To the extent that either of Morrison's claims, liberally construed, asserts a federal

due process violation, he cannot obtain federal habeas relief because he failed to present the federal claim to the state court on direct appeal.

Before a federal court may grant habeas relief, a federal habeas petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1)(A), (C); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  Boerckel, 526 U.S. at 842.  See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)).  A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Pruitt v. Jones, 348 F.3d 1355, 1358 (11th Cir. 2003).

A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."  Pruitt, 348 F.3d at 1358-59 (quoting Boerckel, 526 U.S. at 845). To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim.  See Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the

opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).  The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief.  Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004).

Morrison failed to present a federal claim based on either the trial court's alleged vindictiveness or the trial judge's alleged impropriety to the state court on direct appeal. Consequently, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Boerckel, 526 U.S. at 845.  A federal court cannot grant a Section 2254 petition unless the petitioner has exhausted every available state court remedy. Snowden, 135 F.3d at 735.  Morrison's failure to present a federal claim on direct appeal leaves the exhaustion requirement unsatisfied.  Henry, 513 U.S. at 365.  See also Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'").

Morrison cannot return to state court to present a federal claim based on the state trial court's alleged vindictiveness or the trial judge's alleged impropriety.  Because he could have raised and preserved a federal constitutional claim on direct appeal, state procedural rules preclude Morrison from asserting either claim collaterally in a Rule 3.850

motion.  See e.g. Childers v. State, 782 So.2d 946, 947 (Fla. 4th DCA 2001) ("The law is clear that where an issue could have been raised on direct appeal, it is not the proper subject for a Rule 3.850 motion.") (citations omitted).  The state procedural rules also preclude a second direct appeal.  Consequently, any federal due process claim presented in ground four or ground five is procedurally defaulted.

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).  To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court."  Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). See also Murray v. Carrier, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions.  United States v. Frady, 456 U.S. 152 (1982).  In other words, he must show at least a reasonable probability of a different outcome. Henderson, 353 F.3d at 892; Crawford  v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Carrier, 477

U.S. at 495-96.  A fundamental miscarriage of justice occurs in an extrSeptember 3, 2010aordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 327 (1995); Henderson, 353 F.3d at 892.  This exception requires a petitioner's "actual" innocence.  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).  To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error.  Schlup, 513 U.S. at 327.

Morrison fails to demonstrate cause and prejudice excusing his default. Carpenter, 529 U.S. at 451; Carrier, 477 U.S. at 495-96.  He neither alleges nor shows that the fundamental miscarriage of justice exception applies.  Henderson, 353 F.3d at 892.  Because Morrison fails to proffer specific facts showing an exception to procedural default, a federal due process claim based on either the state trial court's alleged vindictiveness or the trial judge's alleged impropriety is procedurally barred from federal review.

**Ground Six**

Morrison argues that his sentence violates United States v. Booker, 543 U.S. 220 (2005), because the state trial judge improperly considered Florida's Criminal Punishment Code (CPC) as binding rather than advisory.  The state appellate court rejected this claim on direct appeal.  (Respondent's Exhibits 13, 15)

Booker holds that the federal sentencing guidelines, as a mandatory sentencing scheme, violate the Sixth Amendment right to a jury trial by enhancing a defendant's sentence based on judicially-found facts.  Morrison appears to argue that the CPC, which

requires calculation of a sentencing score establishing the minimum sentence a court can impose without a lawful downward departure, is a mandatory sentencing scheme similar to the federal sentencing guidelines now considered advisory post-Booker.  Morrison misinterprets both the nature of the CPC and Booker.  Nothing in the record supports Morrison's contention that the state court considered the CPC mandatory and he cites no legal authority supporting that argument.  Morrison admits that he received lawful sentences within the statutory maximum (Doc. 1, p. 19).  The record shows no facts beyond Morrison's prior criminal history, the nature of the charges, and his violation of probation that influenced his sentences and he received sentences below the statutory maximum.  See Fla. Stat. §§ 775.082; 921.002.  The state appellate court in rejecting Morrison's claim neither unreasonably applied Booker nor unreasonably determined the facts.  See 28 U.S.C. § 2254(d)(1), (2).  Ground six warrants no federal habeas relief.

**Ground Seven**

Morrison contends that his appellate counsel rendered ineffective assistance by failing to argue on appeal that the trial court erred by sentencing Morrison to a consecutive rather than concurrent five-year sentence in Case No. 03-20194,[10] resulting in a double jeopardy violation.  The state appellate court rejected this claim in Morrison's state habeas petition.  (Respondent's Exhibits 27, 28)

---

[10]  Morrison received concurrent terms of five years imprisonment for all counts in Case Nos. 02-03826, 02-10003, 03-21057, 03-21061, and 03-21509, a consecutive five-year sentence in Case No. 03-20194, and a consecutive five-year sentence in Case No. 03-20589 for a cumulative sentence of fifteen years.

The <u>Strickland</u> standard of review applies to ineffective assistance of appellate counsel claims.  <u>Heath v. Jones</u>, 941 F.2d 1126, 1130 (11th Cir. 1991), <u>cert.</u> <u>denied</u>, 502 U.S. 1077 (1992).  To establish a claim of ineffective assistance of appellate counsel, Morrison must show that appellate counsel performed deficiently and that the deficient performance resulted in prejudice.  To demonstrate deficient performance, Morrison must show that appellate counsel's failure to discover a non-frivolous issue and file a merits brief raising that issue fell outside the range of professionally acceptable performance.  <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000).  To demonstrate prejudice, Morrison must show that a reasonable probability exists that, but for appellate counsel's unreasonable failure to file a merits brief, he would have prevailed on appeal.  528 U.S. at 285-86.

Morrison erroneously contends that he could not receive a consecutive sentence in Case No. 03-20194 because "multiple convictions arising from the same criminal episode or criminal conduct violate double jeopardy."  He argues that because each of the charged offenses in all of his cases included as an element the "intent to defraud money, goods, or services or anything of value," the offense in Case No. 03-20194 was not separate from the charges in the other cases and that all of his charges amounted to one criminal violation.

The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense."  <u>Ohio v. Johnson</u>, 467 U.S. 493, 498 (1984).  "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."  <u>Missouri v. Hunter</u>, 459 U.S. 359, 366 (1983).  <u>See</u> <u>also</u>

Whalen v. United States, 445 U.S. 684, 689 (1980) ("The Double Jeopardy Clause at the very least precludes . . . courts from imposing consecutive sentences unless authorized by [the legislature] to do so.").

Contrary to Morrison's argument, the offense charged in Case No. 03-20194 neither arose from the same criminal episode nor alleged a violation of the same statute as the offenses charged in Case Nos. 02-03826 and 03-10003.  The Information in Case No. 03-20194 charged Morrison with uttering a check with a forged endorsement on September 15, 2003, in violation of Fla. Stat. § 831.02.  The Information in Case No. 02-03826 charged Morrison with five counts of fraudulent use of a credit card on several different dates at different businesses in 2001, in violation of Fla. Stat. § 817.61.  The Information in Case No. 03-10003 charged Morrison with a scheme to defraud alleged to have occurred in 2002, in violation of Fla. Stat. § 817.034.  The offenses in Case Nos. 02-03836 and 02-10003 differed in time and type from the offense in Case No. 03-20194 and required proof of different facts.  The offenses were neither charged in the same Information nor arose from a single criminal episode.  Florida law authorized the sentencing judge to impose consecutive sentences upon conviction.  See Fla. Stat. § 921.16(1) ("Sentences of imprisonment for offenses not charged in the same indictment, information or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.").  The state appellate court's rejection of Morrison's claim establishes the validity of his sentences under state law.

Because no double jeopardy violation resulted from Morrison's sentences, appellate counsel had no reason to appeal on that basis.  Morrison shows neither that

appellate counsel unreasonably elected not to raise this issue on appeal nor that if

appellate counsel had raised the issue that Morrison would have prevailed on appeal.

Robbins, 528 U.S. at 285-86.  See Jones v. Barnes, 463 U.S. 745, 751-52 (1983)

("Experienced advocates since time beyond memory have emphasized the importance of

winnowing out weaker arguments on appeal and focusing on one central issue if possible,

or at most on a few key issues.").  Because he fails to establish deficient performance or

resulting prejudice from appellate counsel's actions, Morrison cannot prevail on this claim

of ineffective assistance.  The state appellate court's rejection of this claim was neither

contrary to, nor an unreasonable application of, the Strickland standard.

Accordingly, Morrison's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.

The clerk shall enter a judgment against Morrison and close this action.

ORDERED in Tampa, Florida, on September 3, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE